h**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| In re:<br><br>Donnette Thomas,<br><br>                    Debtor. | Case No. 22-02732-hb<br>Chapter 7 |
| John P. Fitzgerald, III, Acting United States Trustee for Region Four,<br><br>                    Plaintiff,<br><br>v.<br><br>Donnette Thomas,<br><br>                    Defendant. | Adv. P. No. _____ |

# COMPLAINT TO DENY DISCHARGE

John P. Fitzgerald, III, Acting United States Trustee for Region Four, by and through counsel, complaining of Donnette Thomas alleges and says that:

## PARTIES

1. John P. Fitzgerald, III is the Acting United States Trustee for Region Four (the "UST").

2. Donnette Thomas (the "debtor") is domiciled in the State of South Carolina and is the debtor in this chapter 7 bankruptcy case pending before this Court, Case No. 22-02732-hb.

1

## JURISDICTION

3. Jurisdiction for this action is premised upon 28 U.S.C. §§ 1334(a, b), 157(a).

4. This adversary proceeding is a core proceeding. 28 U.S.C. § 157(b)(2)(J).

5. This proceeding arises under Title 11 U.S.C. and arises in and relates to the chapter 7 bankruptcy case of *In re Donnette Thomas,* Case No. 22-02732-hb, pending in the District of South Carolina. The Court may enter final judgment, and the plaintiff consents to the Court entering a final judgment.

6. Venue of this adversary proceeding appropriately exists in the District of South Carolina in compliance with 28 U.S.C. § 1409(a).

7. The UST has the authority to bring this action pursuant to his statutory authority as set forth at 28 U.S.C. § 586.

8. The UST filed this complaint within the time for the UST to object to the debtor's discharge, which is January 3, 2023.

## FACTS APPLYING TO ALL CAUSES OF ACTION

**The Debtor's Bankruptcy Case**

9. The debtor filed a voluntary petition for relief pursuant to chapter 7 on October 6, 2022, initiating the present bankruptcy case. The debtor is *pro se* in this case.

10. The debtor filed the required schedules and statements in her case under penalty of perjury on October 6, 2022 ("Original Schedules").

11. The debtor's petition does not list any other names used by the debtor in the last 8 years.

12. The debtor's petition lists that the debtor has used the business names of The Beauty in Business and Marrakesch, Inc. in the last 8 years.

13. The Original Schedules show the following:

    a. Item 3 of Schedule A/B shows the debtor has an ownership interest in a 2016 Mercedes-Benz GLE with a value of $20,341.

    b. Item 12 of Schedule A/B shows the debtor has no jewelry.

    c. Item 16 of Schedule A/B shows the debtor had cash of $80.

    d. Item 17 of Schedule A/B shows the debtor has a bank account at Wells Fargo with a balance of $1.

    e. Item 19 of Schedule A/B shows the debtor does not have an interest in any non-publicly traded stock or interests in incorporated or unincorporated businesses.

    f. On Schedule E/F, the debtor lists Auto Money Title Loans with a claim of $24,100 which relates to an "automobile."

    g. Schedule I shows the debtor as unemployed but receiving $350 in family support payments and $1,850 from SNAP and a VA education stipend.

    h. Schedule J reflects that the debtor has two minor dependents.

    i. In response to item 2 of the Statement of Financial Affairs ("SOFA"), the debtor checked "no" regarding whether she had lived anywhere other than where she lives now.

    j. In response to item 4 of SOFA, the debtor showed $0 income for 2022, 2021, and 2020.

    k. In response to item 5 of SOFA, the debtor lists income from SNAP, child support, and family support for 2022 and 2021 and $31,000 in unemployment income in 2020.

    l. In response to item 6 of SOFA, the debtor checked that she had not paid a creditor more than $600 in the 90 days before the bankruptcy filing.

    m. In response to item 9 of SOFA, the debtor checked "no" to whether she was a party in a lawsuit within the year before the bankruptcy filing.

    n. In response to item 10 of SOFA, the debtor checked "no" to whether there had been a levy or seizure of her property within a year of filing the bankruptcy case.

    o.    In response to items 13 and 14 of SOFA, the debtor checked "no" to whether she had made a gift of more than $600 to a person or charity in the two years before she filed bankruptcy.

    p.    In response to item 15 of SOFA, the debtor stated that she had lost a "radiant infrared sauna (standard red cedar wood, 2220W) model" on July 6, 2022 with a value of $26,650 from theft, fire, other disaster, or gambling. The debtor did not disclose any insurance coverage regarding the loss.

    q.    In response to item 18 of SOFA, the debtor checked that she had not transferred any property to anyone within two years of the bankruptcy filing.

    r.    In response to item 20 of SOFA, the debtor checked she did not have any financial accounts closed within one year before her bankruptcy filing.

    s.    In response to items 27, the debtor disclosed that she was a sole proprietor and/or an officer, director, or managing executive of The Beauty in Business and Marrakesch, Inc. The address listed for The Beauty in Business is 331 East Main Street, Rock Hill, SC, which is the same address listed on the petition as where the debtor lives.

    t.    In her Chapter 7 Statement of Current Monthly Income, the debtor lists her average monthly income in the six months before the bankruptcy filing as $1,366.67.

14.    On October 24, 2022, the debtor filed Schedule D [Doc. #22], in which she listed Capital One Finance as having a claim of $28,478 that is secured by the 2016 Mercedes.

15.    On November 4, 2022, the meeting of creditors for the debtor's case was called, and the debtor was not present. The chapter 7 trustee adjourned the meeting of creditors to November 18, 2022.

16.    On November 18, 2022, the debtor gave sworn testimony at the meeting of creditors (the "Meeting of Creditors").

17.    At the Meeting of Creditors, the debtor testified:

    a.    she was unemployed and that her prior employment was with a transportation company that closed when COVID started;

4

b. Marrakesch was the name of the transportation company, and she was a W-2 employee;

c. she owes the IRS for taxes related to prior businesses;

d. she did not have any funds on deposit on any cash app at the time of the bankruptcy;

e. she had not given away or sold any property to anyone in the two years before the bankruptcy case was filed;

f. in the past year, she had not given a $1,000 or more to a family member or friend;

g. she had not worked since 2020;

h. she had written a book called "Get Business Credit", but due to a judgment, she had not received any proceeds from the sale of the book. The judgment related to a car business in 2016;

i. the transportation company owned some vehicles that were sold by the company;

j. she owned the transportation company but had investors;

k. she was involved in the sale of the company assets, and the company did not receive any proceeds from the sale;

l. the transportation company was involved in litigation that was still pending in arbitration, and the plaintiff was seeking personal liability against the debtor;

m. the Auto Money title loan listed on Schedule E/F was to obtain a loan to make payroll for a non-profit company. The vehicle pledged was a 2020 Jaguar titled in her name;

n. she does not have possession of the 2020 Jaguar because she gave it to her ex-husband a few weeks ago to sell and payoff the loan; however, it sold at a deficit;

o. the name of the non-profit is Mindful Missions of SC, and she is the founder of it and participates on the board;

p. the sauna listed on SOFA was destroyed by fire along with about $100,000 of other assets that included nice furniture, designer clothes, lap tops, and a computer for the business;

   q. she made a claim with insurance and received $10,000 from the insurance company, but she does not remember where she deposited the $10,000; and

   r. her business The Beauty in Business was to assist people in starting a business.

18. Based on the testimony of the debtor, additional documents were requested, and the Meeting of Creditors was adjourned to December 2, 2022.

19. At the continued Meeting of Creditors on December 2, 2022, the debtor did not appear, and it was adjourned to December 20, 2022.

20. At the continued Meeting of Creditors on December 20, 2022, the debtor provided sworn testimony (the "Continued Meeting").

21. At the Continued Meeting, the debtor testified to the following:

   a. the address listed on her petition was a commercial address because she was currently staying with friends and family, and she was certain to receive mail at the commercial address;

   b. Mindful Missions was a child-placement agency that recruits foster parents;

   c. she did not receive any wages or any benefit from Mindful Missions;

   d. Mindful Missions did not have any employees;

   e. the loan proceeds from Auto Money were used to start Mindful Missions and pay payroll for employees it had at the time whose names she cannot recall;

   f. her driver's license has an Aiken address that was the commercial address for the transportation company;

   g. the debtor and her partner bought buses that were titled in the name of the transportation company, which was Marrakesche, Inc., dba MDL Transportation (the "Transportation Business");

   h. the Transportation Business also had office equipment, TVs, computers that were either taken by the landlord or stolen by the partner;

6

i.     she had never worked for the State of North Carolina;

j.     the 2020 Jaguar was purchased in 2021 for more than $30,000 as a salvage vehicle;

k.     the Jaguar did not sell at the auction to which her ex-husband took it;

l.     the Jaguar is located at the garage at commercial address listed on her petition;

m.     the Mercedes was located at her father's house because she was calling from her father's house;

n.     she was not current on the payments on the loan secured by the Mercedes, but she did not know how far behind she was;

o.     the buses purchased for the Transportation Business were purchased for $6,000 to $8,000 each; there was no lien on them;

p.     the buses were sold for $3,000 each and the sale proceeds were given to an attorney to represent them in litigation brought against them by the partner in the Transportation Business;

q.     her maiden name was Spruill;

r.     the bank account at Capital One is her only personal account;

s.     a $1,170 deposit in July 2022 into her personal account was a refund for Mindful Missions' office space;

t.     Mindful Missions switched to a virtual office space because it was only $150 per month which her father has been paying to help her;

u.     the $10,000 from the insurance company was given to the law firm that is representing her and the business in the Transportation Business litigation;

v.     she and Kim Mahoney control the Mindful Missions bank account at Wells Fargo; and

w.     the Transportation Business received PPP loans in the amount of approximately $40,000.

**Information Provided by the Debtor**

22. The debtor provided the following documents: (a) 2020 tax return, (b) information from Travelers Insurance Company regarding the items lost in a fire (the "Insurance Information"); (c) bank statements for a Capital One bank account ending in 4130 for the period of July 1, 2022 through October 31, 2022 (the "Capital One Account"); and (d) bank statements for a Wells Fargo account ending in 3062 for the period of August 1, 2022 through November 30, 2022 with the exception of the October 2022 statement which was not provided (the "Wells Fargo Account").

23. The debtor's 2020 tax return reflects:

    a. her address was 17534 Austin Creek, Charlotte, NC;

    b. the tax refund of $20,315 was to be deposited into a First Citizens bank account ending in 2460;

    c. The Beauty in Business had gross receipts of $132,893 and the use of a vehicle that was not used personally; and

    d. the debtor had a W-2 from the Transportation Business for salary in the amount of $29,000.

24. The Insurance Information included, but was not limited to, the following items lost in the fire: a radiant infrared sauna (actual cash value ("ACV") $3,712) ; multi table game (ACV - $2,573); tanning bed (ACV - $1,801); adjustable hospital bed frame only (ACV - $1,426); lap tops (ACV - $1,144 for 4 units); headsets (ACV - $825 for 4 units); iphones (ACV - $643 for 2 units); and televisions (ACV - $1,644 for 3 units).

25. The Insurance Information included a letter dated August 19, 2022, from Travelers Insurance stating that the coverage limit was $10,000.

8

26. The Insurance Information provided two addresses for the debtor: 17534 Austin Creek Drive, Charlotte, NC and 331 East Main Street, Suite 200, Rock Hill, SC (the "Commercial Address").

27. The Capital One Account is titled in the debtor's maiden name Donnette Spruill with an address of 100 Thornton Court, Unit J, Greensboro, NC.

28. The July statement for the Capital One Account shows money going between the Capital One Account and the Wells Fargo Account.

29. The Wells Fargo Account is titled in the name of Mindful Missions of SC.

30. There are numerous transfers between the Wells Fargo Account and a savings account ending in 7359, but no statements were provided for the savings account.

31. The August 2022 bank statement for the Wells Fargo Account shows deposits of $76,000.05, of which $10,000 was from Travelers Insurance.

32. The bank statements for the Wells Fargo Account show some items that may not be for the non-profit business.

33. The September 2022 statement for the Wells Fargo Account shows a payment of $5,863.40 on September 7, 2022 to Pennymac Cash and references the debtor's name.

34. The bank statements for the Wells Fargo Account show a few payments to Capital One and Lead Bank. Both creditors are listed on the debtor's Original Schedules.

35. The bank statements for the Wells Fargo Account show payments to Primrose. Upon information and belief, Primrose is a private preschool located in Fort Mill, SC.

**Online County Records**

36. The Aiken County online tax records show that Marrakesch had five vehicles on which it was paying taxes in 2019: 2006 Volkswagen, 2015 Ford E350, 2013 Ford, 2007 Chevy,

and a 2010 Ford. In 2020, all the vehicles had unpaid taxes except the 2006 Volkswagen, which did not appear under Marrakesch's name in 2020.

37. The Aiken County online judicial records show that Shawna Gaines initiated an action against the debtor on June 19, 2020 (the "Transportation Litigation").

38. In September 2020, the debtor filed a motion to dismiss in the Transportation Litigation and shows her address as 205 River Place, Apt. 329, Augusta, Georgia.

39. The Transportation Litigation was removed to District Court for the District of South Carolina on February 3, 2021. A consent order dismissing the litigation and providing for arbitration was entered on May 19, 2021.

40. Attached as an exhibit to the debtor's motion to dismiss the Transportation Litigation was an AAA Filing Receipt and Complaint. The AAA Filing Receipt and Complaint identified the vehicles of the Transportation Business as a 2011 Ford Econoline purchased for $15,051, a 2011 Ford Econoline purchased for $17,127, a 2009 Ford Econoline purchased for $13,209, a 2012 Ford Econoline purchased for $17,519, and a 2011 Ford Econoline purchased for $16,473. All vehicles were shown as being purchased approximately on February 21, 2020.

## FIRST CAUSE OF ACTION

### [False Oath or Account - 11 U.S.C. § 727(a)(4)(A)]

41. The UST realleges here all prior paragraphs of this complaint consistent with this cause of action, particularly paragraphs 9 - 40 and all subparts thereto.

42. The debtor knowingly and fraudulently, in and in connection with her bankruptcy case, made several false oaths or accounts when she failed to disclose under penalty of perjury (a) her prior names; (b) her ownership of the 2020 Jaguar; (c) her interests in bank accounts; (d) her interests in businesses to include Mindful Missions of SC; (e) her income; (f) her prior

addresses; (g) pending lawsuits to which she was a party; (h) transfers to creditors within 90 days of the bankruptcy filing; (i) her gifts or contributions to a person or charity within two years of the bankruptcy filing; (j) her historical income; (k) her transfer of property within two years of the bankruptcy filing; (l) levies against her bank accounts and/or proceeds due to her; (m) the closing of financial accounts within one year before the bankruptcy filing; (n) her creditors; (o) her receipt of $10,000 from Travelers Insurance; and (p) other information she was required to disclose under oath and which may be disclosed in discovery.   This information is material. This information was required to be disclosed in the Official Forms and the Original Schedules.

43.    The debtor acted intentionally or with reckless disregard in preparing the information in her Original Schedules and the amendments thereto.

44.    The debtor knowingly and fraudulently, in and in connection with her bankruptcy case, made several false oaths or accounts when she testified under oath at the Meeting of Creditors and Continued Meeting regarding: (a) any benefits she received from Mindful Missions of SC, (b) the assets of the Transportation Business and the disposal of such assets; (c) her income; (d) information regarding the Jaguar; (e) information about her businesses and assets; and (f) other testimony which she was required to provide truthfully.

45.    The debtor's discharge should be denied.

WHEREFORE, the UST requests that the Court deny the debtor a discharge and grant to the UST such other relief as is just and appropriate.

                              JOHN P. FITZGERALD, III

                              ACTING UNITED STATES TRUSTEE
                              REGION FOUR

                  By:    /s/ Linda K. Barr
                          Linda K. Barr, Id. 6284
                          Trial Attorney
                          Office of the United States Trustee
                          1835 Assembly Street, Ste. 953
                          Columbia, SC 29201
                          (803) 765-5219
                          (803) 765-5260 (facsimile
January 3, 2023            linda.k.barr@usdoj.gov